# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EMANUEL J. BURRELL | * | |
| | * | |
| v. | * | Civil Action No. CCB-13-3555 |
| WARDEN KATHLEEN GREEN, JULIA WEBSTER, and DARRYL WEBSTER | * | |
| | * | |
| | *** | |

## MEMORANDUM

Plaintiff Emanuel Burrell filed the above-captioned civil rights complaint on November 25, 2013. (Compl., ECF No. 1). Although he did not pay the filing fee or file a motion seeking its waiver, he will not be required to correct the deficiency as the complaint must be dismissed for the reasons that follow.

Burrell seeks monetary damages from defendants for his claim that he is not receiving proper credit against his sentence as ordered by the Circuit Court for Baltimore City. He alleges his parole was revoked on an 18-month sentence on July 15, 2011, and he was granted credit for time spent on parole from August 14, 2007 to April 6, 2011. (Compl. at 4). Burrell was arrested on new charges on April 7, 2011, and received a sentence of five years for the new offense on August 30, 2011. (*Id.*).

On September 18, 2012, Burrell claims the Circuit Court for Baltimore City issued a new commitment order granting him 175 days credit for time served on the five-year sentence. (*Id.*). He asserts that, despite the new order, the commitment office at Eastern Correctional Institution (ECI), where he is currently confined, has refused to use a "start date" for his five-year sentence

of August 31, 2011, and instead calculates his five-year term as starting on February 2, 2012.[1] (*Id.* at 5). As a result, Burrell claims he has been prevented from participating in programs that would further reduce the time he must spend incarcerated. (*Id.*). He further claims he has "followed the proper channels of complaint but [has] not been able to recover." (*Id.*). In addition to monetary damages, Burrell seeks a declaration from this court that the calculation of his sentence is unconstitutional. (*Id*. at 6).

Sentence calculation and/or construction issues related to state criminal convictions generally are issues of state law and do not give rise to a federal question. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Additionally, it is well established that prisoners do not have a constitutional right to access programs or be housed in one prison over another, absent a showing of significant hardship. "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976); s*ee also Sandin v. Conner*, 515 U.S. 472, 484 (1995) (requiring that state regulations impose an atypical and significant hardship as a prerequisite to the recognition of a constitutionally protected liberty interest to be free from such regulations). Thus, the lost opportunity to participate in programs or obtain a prison job in order to earn additional credits against Burrell's sentence is not a viable federal claim.

To the extent application of the credits to which Burrell claims entitlement would result in his release from custody, review of his claim is available in the state courts pursuant to

---

[1] Burrell has not provided enough information regarding his sentence to discern what the court ordered and how the Division of Correction interpreted that order. The dates he provided do not explain how the alleged error is being made. For example, Burrell asserts he was arrested on the new offense on April 7, 2011, and sentenced on August 30, 2011. The time between those two dates is 145 days.

Maryland Rule 15-301 *et seq.* *See also Md. House of Corr. v. Fields*, 686 A.2d 1103, 1105-06 (Md. App. 1996) (holding habeas relief was appropriate where the prisoner alleged prison officials applied credits in an unauthorized manner, and that he was, therefore, unlawfully detained and entitled to immediate release).

The complaint fails to state a colorable federal claim and must be dismissed. A separate order follows.

December 16, 2013                        _____/s/_____
Date                                                 Catherine C. Blake
                                                        United States District Judge